UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ACCESS FOR THE DISABLED, INC., a
Florida not for profit corporation, and
DENISE PAYNE, Individually,

    Plaintiffs,

v.                                                                                    CASE NO: 13-cv-107-T-30TGW

7-ELEVEN, INC.,

    Defendant.
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendant's Motion to Dismiss (Dkt. 3) and Plaintiff's Response in Opposition to Defendant's Motion to Dismiss (Dkt. 11). The Court, having reviewed the motion and response, concludes the motion to dismiss should be denied.

## BACKGROUND

Plaintiffs filed this action seeking injunctive relief under Title III of the ADA (42 U.S.C. § 12181 et seq.) against the 7-Eleven convenience store located at 6619 Midnight Pass Rd., Sarasota, Florida. Plaintiffs also seek attorneys' fees and litigation expenses, including expert fees and costs.

The complaint asserts Payne is a Florida resident who is paralyzed and must use a wheelchair. (Dkt. #1, p.2). It further asserts Plaintiff "visited the property" in question for personal reasons and as a "tester" and "intends to visit the property again in the near

1

future." *Id.* Access is a non-profit corporation existing under the laws of the State of Florida. Its members include Payne and other individuals with disabilities. *Id.*

Plaintiffs claim that upon visiting the property Payne "encounter[ed] barriers for access." (Dkt. #1, p. 3). It is alleged these barriers deter and deny Plaintiffs "the opportunity to participate and benefit from the goods, services, privileges, advantages, facilities and accommodations at Defendant's property equal to that afforded to other individuals." (Dkt. #1, p. 4). And further, since Defendant owns, leases, leases to, or operates a place a public accommodation as defined by the ADA, Defendant is responsible for complying with the obligations of the ADA. *Id.*

Based on this alleged discrimination, Plaintiffs seek to have Defendant remove the existing "architectural barriers to the physically disabled." (Dkt. #1). Defendant responds with a motion to dismiss under F.R.C.P. 12(b)(1), claiming Plaintiffs lack standing.

## MOTION TO DISMISS STANDARD

When reviewing a motion to dismiss, a court must accept all factual allegations contained in the complaint as true, and view the facts in a light most favorable to the plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). However, unlike factual allegations, conclusions in a pleading "are not entitled to the assumption of truth." *Ashcroft v. Iqbal,* 556 U.S. 662, 679 (2009). Legal conclusions "must be supported by factual allegations." *Id.* Indeed, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

2

While a "heightened fact pleading of specifics" is not required, "enough facts to state a claim to relief that is plausible on its face" is necessary. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Moreover, when the factual allegations are "not only compatible with, but indeed [are] more likely explained by" lawful activity, the complaint must be dismissed. *Iqbal*, 556 U.S. at 680.

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a complaint provide a "short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the…claim is and the ground upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Further, the elements of standing "must be supported in the same way as any other matter on which the plaintiff bears the burden of proof." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992).

In order to establish standing, a plaintiff must allege sufficient facts demonstrating; (1) that he or she suffered an injury-in-fact; (2) there must be a causal connection between the injury and the conduct complained of ; and (3) it must be likely as opposed to merely speculative , that the injury will be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992); An injury in fact is an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual and imminent, not conjectural or hypothetical. *Id*. For a causal connection to exist the injury must be a fairly traceable to the challenged action of the defendant and not the result of the independent action of some third party not before the court. *Id*. Further, "[a]t the pleading stage, general factual allegations of injury resulting from the

defendant's conduct may suffice, for on a motion to dismiss we 'presum[e] that general allegations embrace those specific facts that are necessary to support the claim.'" *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992).

## **DISCUSSION**

Defendant challenges Plaintiff's standing claiming the complaint does not allege an injury in fact and there is no real and immediate threat of future injury. The defendant alleges "[t]he complaint does not adequately allege an injury in fact because it does not establish how the alleged barriers impacted Payne because of her disability." (Dkt. 3, p. 12). As mentioned above, an injury-in-fact is an invasion of a legally protected interest that is (a) concrete and particularized and (b) actual and imminent. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). As a disabled individual, Payne has a legally protected interest under the ADA. However, the complaint does not state with specificity the (a) concrete and particularized and (b) actual and imminent injury she suffered. The complaint only states:

> 6. In this instance, Ms. Payne, in her individual capacity and for personal reasons, and as a "tester" visited the property, <u>encountered barriers for access</u>, and engaged and tested those barriers.
>
> 7. Plaintiffs are deterred from, and are <u>denied the opportunity to participate and benefit from the goods, services, privileges, advantages, facilities and accommodations at Defendant's property equal to that afforded to other individuals</u>.

(Dkt. 1, p. 3-4)(Emphasis added). Paragraph ten also lists several violations of the ADA under heading such as "General", "Accessible Routes", and "Restrooms." Although these allegations lack specificity as to the direct injury Payne sustained, that level of specificity is not required at this point of the proceedings. These paragraphs provide general allegations of the injury that occurred and are sufficient to "embrace those specific facts that are necessary to support the claim.'" *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992).

Defendant next claims Plaintiff cannot establish an immediate threat of future injury. When seeking prospective injunctive relief, as in the present case, the "[P]laintiff must plead a genuine threat of immediate as opposed to a merely conjectural or hypothetical-threat of future injury." *Access for the Disabled, Inc. v. Rosof*, 2005 WL 3556046 (M.D. Fla. 2005). In the present case, the Plaintiffs claim Payne "intends to visit the property again in the near future." Although Plaintiffs' allegation may seem like conjecture because Defendant claims Plaintiff lives over two hundred miles from the convenience store, at this point in the proceeding, the court is required to accept the allegations as true. Consequently, Plaintiffs allege sufficient facts to establish standing and therefore the motion to dismiss will be denied.

## **CONCLUSION**

For the reasons set forth above, the Court finds that Petitioner has failed to establish he is entitled to federal habeas relief.

It is therefore ORDERED AND ADJUDGED that:

1. Defendant's Motion to Dismiss (Dkt. 3) is DENIED.

**DONE** and **ORDERED** in Tampa, Florida on this 26th day of June, 2013.

*[signature]*

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

S:\Odd\2013\13-cv-107 mtd 3.docx